PER CURIAM.
This is an appeal from an order granting appellee/plaintiff’s motion for judgment on the pleadings, the effect of which was to cancel and otherwise discharge two liens previously filed and recorded by appellant/defendant encumbering appel-lee/plaintiff’s property. We affirm.
In February, 1988, appellant Andrea Phenes Designs Unlimited, Inc. (Phenes) entered into an oral contract with Z.O. Hamilton Interests of Florida, Inc. (Hamilton) to have Phenes supply certain materials (ceramic tile flooring, marble sills and ceramic knobs) and labor to improvements on real property owned and developed by Hamilton in Palm Beach County, Florida. Prior to this oral contract, on February 4, 1987, Hamilton had filed and recorded a notice of commencement regarding its construction of single-family residence town-homes on that property.
On March 20, 1987, Hamilton and appel-lees Thomas R. McClure and Kathleen McClure (McClures) entered into a written contract for the construction of a single family dwelling in that townhome project On February 17, 1988, Hamilton conveyed fee-simple title to the McClures, and the warranty deed to that townhome was recorded February 22, 1988.
The issue is whether the trial court erred in entering judgment on the pleadings for appellee based upon its interpretation of section 713.13(5), Florida Statutes. The trial court found the operative date, at which time the appellant’s notice of commencement is deemed ineffectual against appel-lees, was the time the warranty deed was conveyed rather than when the construction contract was signed. We conclude the trial court was correct in using the date the warranty deed was conveyed.
We hold that the notice of commencement filed by Hamilton on February 4, 1987 had expired before Phenes had filed its claims of lien against Hamilton on April 26, 1988 and against the McClures on May 17, 1988. Appellant’s claims of lien do not relate back to the date of the filing of the notice of commencement; therefore the McClures’ conveyance takes priority over Phenes’ claims of liens.
GLICKSTEIN, WALDEN and WARNER, JJ., concur.